IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARODERICK ANTON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06-CV-834-WKW |
| | ) |
| OFFICER AARON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Upon review of the objection filed by the plaintiff on January 25, 2007 (Court Doc. No. 19), in which the plaintiff asserts that he did exhaust his administrative remedies by appealing grievances filed in the Lee County Detention Facility, and for good cause, it is

ORDERED that:

1. The Recommendation entered on January 19, 2007 (Court Doc. No. 18) be and is hereby WITHDRAWN.

2. On or before February 12, 2007, the defendants shall file a supplemental special report which identifies the appeals filed by the plaintiff and their relationship to the claims pending before this court. Specifically, the defendants shall identify those claims, if any, on which the plaintiff has properly exhausted his available administrative remedies as

defined by the jail grievance procedure.[1]  Although 42 U.S.C. § 1997e(a) mandates that no unexhausted claim may be considered by a federal district court, it does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint.  *Jones v. Bock*, ____ S.Ct. ____, 2007 WL 135890 (2007).  Thus, dismissal is appropriate only for the unexhausted claims and the plaintiff may proceed on any exhausted claims.  *Id.*

    Done this 26th day of January, 2007.

                                            /s/ Wallace Capel, Jr.
                                 WALLACE CAPEL, JR.
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Failure to exhaust in accordance with the directives of 42 U.S.C. § 1997e(a) is an affirmative defense which the defendants must plead and prove. *Jones v. Bock*, ____ S.Ct. ____, 2007 WL 135890 (2007).