IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARODERICK ANTON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:06-cv-00834-WKW |
| | ) |
| LEON AARON, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' SUPPLEMENTAL SPECIAL REPORT

COME NOW Major Cary Torbert, Jr.[1], Lieutenant Ray Roberson[2], Lieutenant Corey Welch, Sergeant Tommy Threat, and Officer Leon Aaron, the Defendants in the above-styled cause, and submit their Supplemental Special Report to the Court as follows:

1. In their Special Report, the Defendants presented evidence that the Plaintiff has not exhausted his administrative remedies at the Lee County Detention Center. In the Plaintiff's Response, he claims to have written a request slip to "the Lieutenant." Plaintiff fails to specify the identity of "the Lieutenant." Plaintiff also fails to specify what was written in this request slip or even that it contained a complaint. He also states that he received a response the same day, in keeping with Detention Center policy. Plaintiff claims that he then wrote a request slip to Major Torbert and received no response from him. Plaintiff claims that he wrote a letter to Sheriff Jones, to which he received no response. Plaintiff further claims that he wrote a letter to Sheriff Jones, which he gave to his girlfriend. Plaintiff does not specify what was allegedly contained in the request slip or letters and does not claim that his girlfriend delivered the letter to the Sheriff.

---

[1] Incorrectly designated in the Plaintiff's Complaint as "Major Tolbert."
[2] Incorrectly designated in the Plaintiff's Complaint as "Lt Robinson."

2.      Plaintiff has failed to present any evidence that he exhausted the grievance appeals process provided at the Detention Center. Defendants maintain that Plaintiff has failed to file any appeal as required by Detention Center policy and has failed to comply with the PLRA. Plaintiff submitted two inmate request slips to Lt. Corey Welch, which Lt. Welch answered in a timely manner as required by the policy and procedure of the Lee County Sheriff's Office. (Exhibit A, Supplemental Affidavit of Corey Welch, "Supp. Welch Aff." ¶ 4.) Plaintiff never stated to Lt. Welch that he was going to appeal the answers Welch gave on the request slips and has never asked Lt. Welch to deliver any appeal of a request slip to anyone. (Supp. Welch Aff. ¶ 4.)

All inmates are provided access to a Lee County Detention Center Inmate Handbook, as a copy of this handbook is placed in each cellblock for inmates to review whenever they wish. (Exhibit B, Supplemental Affidavit of Cary Torbert, Jr., "Supp. Torbert Aff." ¶ 2.) The following is an excerpt from that handbook:

## *SECTION 16:  GRIEVANCES*

16.1   If you have a grievance, you can report it on an Inmate Request form. Only one signature is allowed on a grievance.

16.2   Your grievance will be investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level in the chain of command.

16.3   If you are not satisfied with the first answer to your grievance, you may send a grievance to the next higher command level (attach a copy of the first grievance). You may continue to send it through the chain of command, up to the Sheriff, who will make the final decision.

16.4   We will not take any negative action against you because you file a grievance.

(Supp. Torbert Aff. ¶ 2.)

Neither Sheriff Jones, Major Torbert nor Lt. Roberson has received any grievance or request form from Plaintiff or any appeal of any grievance or request form from Plaintiff concerning any of the allegations made the basis of his Complaint. (Supp. Torbert Aff. ¶ 3; Exhibit C, Supplemental Affidavit of Jay Jones, "Supp. Jones Aff. ¶ 4; Roberson Aff. ¶ 67.) Sheriff Jones has also never received any letter concerning the subject matter of this lawsuit from Plaintiff or from Plaintiff's girlfriend. (Supp. Jones Aff. ¶ 4.) Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance up the chain of command if he were not satisfied with the response at the lower levels in the chain of command. (Supp. Torbert Aff. ¶ 2; Supp. Jones Aff. ¶ 4.) Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center. (Supp. Torbert Aff. ¶ 2; Supp. Jones Aff. ¶ 4.) Officers at the Lee County Detention Center promptly answer each and every request slip submitted in compliance with policy of the Lee County Sheriff's Office. (Supp. Jones Aff. ¶ 4; Supp. Torbert Aff. ¶ 4.)

3. Therefore, the *undisputed* facts show that he did not exhaust the grievance appeals process provided at the Detention Center. Thus, his Complaint is due to be dismissed as a matter of law. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (affirming dismissal of complaint for failure to exhaust administrative remedies where the plaintiff inmate filed a grievance but failed to file an appeal); see also Cole v. Irby, 181 Fed. Appx. 392, 393-94 (5th Cir. 2006) (affirming dismissal of complaint for failure to exhaust administrative remedies where inmate alleged that he filed a grievance but did not sufficiently allege that he attempted to comply with the appeal requirements); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (holding that inmate's failure to "pursue the grievance remedy to conclusion" barred his lawsuit); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the

grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

    4.    In his Response, the Plaintiff does not address or dispute that he did not suffer *any* physical injury as a result of the allegations of his Complaint. Because the Plaintiff did not suffer any physical injury, his claims are due to be dismissed as a matter of law on their merits. See Porter v. Nussle, 534 U.S. 516, 528 (U.S.2002) ("[T]o sustain a [conditions of confinement] claim, "significant injury" must be shown; Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). Further, because the Plaintiff did not suffer any physical injury, his claims are due to be dismissed as a matter of law pursuant to the Prison Litigation Reform Act. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002).

    5.    Plaintiff's claims fail on their merits. Defendants are protected from Plaintiff's claims by the doctrine of qualified immunity, as they were acting within their discretionary authority as Sheriff and Detention Center officials during all times relevant to the Plaintiff's claims and Plaintiff's allegations, even if true, fail to state a constitutional allegation. See Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1267 (11th Cir. 2004); Saucier v. Katz, 533 U.S. 194, 201 (2001). Plaintiff does not dispute that the only physical contact occurred when Officer Aaron tapped the Plaintiff to get his attention so that he could verify his identity for purposes of headcount. In fact, even if the Plaintiff's allegations were believed – that Officer Aaron pushed him – this force would still not be excessive. Thus, Plaintiff's excessive force claim based on the Fourteenth Amendment fails. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). Plaintiff's due process claim regarding his ten day disciplinary segregation does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486 (1995). Plaintiff's Eighth Amendment conditions of

confinement claims fail as no condition of Plaintiff's confinement constituted cruel and unusual punishment, no Defendant was deliberately indifferent to Plaintiff, and Plaintiff has suffered no injury. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson v. Seiter, 502 U.S. 294, 303 (1991); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982). Plaintiff has not alleged any facts sufficient to maintain a claim that he suffered a constitutional deprivation due to any alleged denial of access to courts. See Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). In addition, in his response, Plaintiff makes no argument that any of his claims survive on their merits.

6. In his Response, the Plaintiff has not disputed that he has failed to allege any wrongdoing or causal connection with regard to the Defendants on each claim. The Plaintiff does not allege that Major Torbert, Lieutenant Roberson, Lieutenant Welch, or Sergeant Threat used excessive force against him. The Plaintiff does not allege that Major Torbert, Lieutenant Roberson, Lieutenant Welch, or Officer Aaron were involved in the disciplinary hearing. The Plaintiff does not allege that Major Torbert, Lieutenant Roberson, Sergeant Threat, or Officer Aaron were involved in the alleged denial of a telephone call to the Plaintiff's attorney. Finally, the Plaintiff does not allege that any of the Defendants were personally involved in the alleged sanitation issues. Accordingly, these claims are due to be dismissed as to those Defendants to whom the Plaintiff fails to make allegations. Further, to the extent that the Plaintiff's claims are an attempt to hold the Defendants liable under a *respondeat superior* theory, his claim must similarly fail. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

7. The Defendants deny each and every allegation made by the Plaintiff in his response to this Court's Report and Recommendation. The Defendants have not acted in a manner so as to deprive the Plaintiff of any right to which he is entitled.

8.    The Defendants respectfully request that this Honorable Court treat their Supplemental Special Report as a Supplemental Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 12th day of February, 2007.

                                          **s/Ashley Hawkins Freeman**
                                          ASHLEY HAWKINS FREEMAN Bar No. FRE044
                                          Attorney for Defendants
                                          WEBB & ELEY, P.C.
                                          7475 Halcyon Pointe Drive
                                          Post Office Box 240909
                                          Montgomery, Alabama  36124
                                          Telephone:  (334) 262-1850
                                          Fax: (334) 262-1889
                                          E-mail:  afreeman@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of February, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

                              Sharoderick Anton Smith
                              199528
                              Lee County Detention Center
                              P.O. Box 2407
                              Opelika, AL 36803-2407

                                          **s/Ashley Hawkins Freeman**
                                          OF COUNSEL

# Exhibit A
# Supplemental Affidavit of Corey Welch

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARODERICK ANTON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:06-cv-00834-WKW-VPM |
| | ) |
| LEON AARON, et al., | ) |
| | ) |
| Defendants. | ) |

### SUPPLEMENTAL AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Corey Welch. I am over the age of nineteen and competent to execute this affidavit.

2. I am employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center. I have worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004. I am both a graduate of the Police Academy and the Alabama Jail Management School.

3. I am familiar with the Plaintiff Sharoderick Anton Smith due to his incarceration in the Lee

4. Plaintiff has submitted two inmate request slips to me, which I answered in a timely manner as required by the policy and procedure of the Lee County Sheriff's Office.

Plaintiff never stated to me that he was going to appeal the answers I gave on his request slips and has never asked me to deliver any appeal of a request slip to the appropriate person.

5. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
COREY WELCH

SWORN TO and SUBSCRIBED before me this 7 day of February, 2007.

_____
NOTARY PUBLIC
My Commission Expires: _____

2

**Exhibit B
Supplemental Affidavit of Cary Torbert, Jr.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MATTHEW SHAWN MCVEIGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-cv-1037-F |
| | ) |
| SHERIFF JAY JONES, et al., | ) |
| | ) |
| Defendants. | ) |

<u>**SUPPLEMENTAL AFFIDAVIT OF CARY TORBERT, JR.**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.  My name is Cary Torbert, Jr. I am over the age of nineteen and competent to execute this affidavit. I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major. I have worked with the Lee County Sheriff's Department for over 34 years.

2.  All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The following is an excerpt from that handbook:

## *<u>SECTION 16: GRIEVANCES</u>*

16.1  If you have a grievance, you can report it on an Inmate Request form. Only one signature is allowed on a grievance.

1

16.2   Your grievance will be investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level in the chain of command.

16.3   If you are not satisfied with the first answer to your grievance, you may send a grievance to the next higher command level (attach a copy of the first grievance). You may continue to send it through the chain of command, up to the Sheriff, who will make the final decision.

16.4   We will not take any negative action against you because you file a grievance.

3.   I never received any grievance or request form from Plaintiff or any appeal of any grievance or request form from Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

4.   Officers at the Lee County Detention Center promptly answer each and every request slip submitted in compliance with policy of the Lee County Sheriff's Office.

5.   I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Cary Torbert, Jr.

SWORN TO and SUBSCRIBED before me this 7 day of February, 2007.

_____
NOTARY PUBLIC
My Commission Expires: _____

2

# Exhibit C
# Supplemental Affidavit of Jay Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARODERICK ANTON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:06-cv-00834-WKW-VPM |
| | ) |
| LEON AARON, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL AFFIDAVIT OF JAY JONES

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

2. I am the duly elected Sheriff of Lee County, Alabama, and have served in this capacity since 1999.

3. I am familiar with the Plaintiff Sharoderick Anton Smith due to his incarceration in the Lee County Detention Center. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4. I never received any grievance or request form from Plaintiff or any appeal of any grievance or request form from Plaintiff concerning any of the allegations made the basis of his Complaint. I have also never received any letter concerning the subject matter of this lawsuit from Plaintiff or from Plaintiff's girlfriend. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

5. Officers at the Lee County Detention Center promptly answer each and every request slip submitted in compliance with policy of the Lee County Sheriff's Office.

6. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
JAY JONES

SWORN TO and SUBSCRIBED before me this 7 day of February, 2007.

_____
NOTARY PUBLIC
My Commission Expires:_____

2