IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARODERICK ANTON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06-CV-834-WKW |
| | ) [WO] |
| | ) |
| OFFICER AARON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Sharoderick Anton Smith ["Smith"], a county inmate, challenges actions taken against him during his confinement in the Lee County Detention Center. Smith seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, the defendants filed written reports and supporting evidentiary materials addressing the claims for relief raised by Smith in his complaint. In their reports, the defendants assert that this case is due to be dismissed because Smith has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, the defendants maintain and the undisputed evidentiary materials demonstrate that with respect to the claims presented in the instant complaint Smith has failed to completely exhaust the

administrative remedies available to him at the Lee County Detention Center via the jail's inmate grievance procedure. *Defendants' Special Report - Court Doc. No. 12* at 17; *Defendants' Supplemental Special Report* at 2-3 ("Plaintiff has failed to file any appeal as required by the Detention Center policy...." Appropriate officials in the chain of command have not "received any grievance or request form from Plaintiff or any appeal of any grievance or request form from Plaintiff concerning any of the allegations made the basis of his Complaint.").

In accordance with the orders entered on December 5, 2006 (Court Doc. No. 14) and February 13, 2007 (Court Doc. No. 22), the court deems it appropriate to treat the defendants' special reports as a motion for summary judgment. Thus, this case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the pleadings filed by the plaintiff, the court concludes that the defendants' motion for summary judgment is due to be granted and this case dismissed without prejudice as the plaintiff has failed to properly exhaust all available administrative remedies.

## DISCUSSION

Smith challenges actions taken against him and the conditions of confinement at the Lee County Detention Center. *Plaintiff's Complaint* at 2-3. In response to the claims presented in the complaint, the defendants argue that this case should be dismissed because

Smith has failed to properly exhaust his administrative remedies in accordance with the detention center's grievance procedure as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, the defendants maintain that Smith failed to file a grievance and/or appeal any filed grievance concerning the allegations of the instant complaint in compliance with the explicit directives of the grievance procedure in effect at the Lee County Detention Center. The undisputed evidentiary materials submitted by the defendants support this assertion.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. In pertinent part, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander* v. Hawk, 159 F.3d 1321, 1325

(11th Cir. 1998). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

The record in this case establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints. The evidentiary materials before the court demonstrate that Smith failed to file each requisite form necessary to exhaust the grievance procedure with respect to the actions and conditions about which he complains in the instant complaint. The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet properly exhausted those administrative remedies available to him.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted to the extent that the defendants seek dismissal of this case for Smith's failure to exhaust available

administrative remedies.

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust available administrative remedies.[1]

It is further

ORDERED that on or before May 8, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

---

[1] The parties are advised that this Recommendation does not in any way address the merits of the plaintiff's claims for relief. Consequently, this dismissal has no impact on the plaintiff's ability to pursue his claims in this court upon his proper exhaustion of the administrative remedies available to him.

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE